# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JESSE RAY MCCUIN**                                                                                          **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 1:24-cv-00323-TBM-RPM**

**UNITED STATES,** *et al.*                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Jesse Ray McCuin is an inmate housed at the Plaquemines Parish Detention Center in Pointe á la Hache, Louisiana. [18], p. 1. On October 17, 2024, Plaintiff filed this Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.E.2d 619 (1971), naming the United States, prosecuting attorney Lee Smith, and ATF Agent Unknown Cola as Defendants. [1], p. 1; [16], p. 1. Plaintiff is proceeding *in forma pauperis*. [11], pp. 1-3. The Court has thoroughly reviewed and liberally construed the record and concludes that this lawsuit must be dismissed with prejudice as legally frivolous and for failure to state a claim until the conditions outlined in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.E.2d 383 (1994), are satisfied.

## I. BACKGROUND

On April 23, 2024, Plaintiff was charged in this Court with being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and 924(a)(8). *United States v. McCuin*, No. 1:24-cr-00038-TBM-BWR-1 (S.D. Miss. Apr. 23, 2024) (Doc. 3); *see also* [1], p. 5.[1] Plaintiff pled guilty to the sole count of the indictment on May 20, 2025, and his sentencing hearing is presently

---

[1] The Court may take "judicial notice of its own docket." *Grogan v. Outlaw*, No. 3:13-cv-00311-DPJ-FKB, 2015 WL 8231324, at *4 (S.D. Miss. Dec. 7, 2015).

1

set to occur on October 1, 2025.

Before he pled guilty, Plaintiff filed this civil action claiming that Defendants violated his constitutional rights in handling the underlying criminal case. [1], pp. 2-3. Plaintiff was arrested following a routine traffic stop by the Hancock County Sheriff's Office, during which officers found a firearm inside the vehicle. [1], p. 4. Plaintiff "was in the back seat" at the time of the stop, and he claims that the firearm belonged to another passenger. [1], p. 4. Plaintiff asserts that Agent Cola "is on record leading the witness Richard Allen," who was driving the vehicle, and that he continued to question Plaintiff after he "invoked his right to . . . counsel." [1], p. 4 (emphasis omitted). Plaintiff insists that Agent Cola had "absolutely no proof that the firearm belonged to [Plaintiff]," [1], p. 4, so the arrest was unsupported by "sufficient evidence," [1], p. 6. Thus, Plaintiff believes that Agent Cola "malisciously [*sic*] set out to prosecute [him]." [1], p. 2.

Moreover, Plaintiff claims that Smith "charg[ed] him for a crime he did not commit." [1], p. 7. He also complains that Smith waited 84 days after the indictment was handed down to "notify [Plaintiff] . . . of his charges or [of his] right to demand [a] trial." [1], p. 5. And Plaintiff blames the United States "for sponsoring this type of behavior," [1], p. 7, by "hiring individuals [in]competent to do their job[s]," [1], p. 6. For these reasons, Plaintiff claims that he is "being falsly [*sic*] imprisoned." [1], p. 7.

## II.    DISCUSSION

### A. Standard of Review

Because Plaintiff is proceeding *in forma pauperis* [11], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is

2

frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). "A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *3 (N.D. Tex. Sept. 30, 2005).

This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.E.2d 340 (1992) (quotation omitted). In an action proceeding under § 1915, courts "must evaluate the merit of [a] claim *sua sponte*," *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added), "even in the absence of a motion to that effect from the Defendants," *Houston v. Bankplus of Miss.*, No. 4:04-cv-00229-LN, 2005 WL 8177625, at *1 (S.D. Miss. Jan. 21, 2005).

B. Analysis

Having conducted the required screening, the Court finds that Plaintiff's claims are barred by the doctrine announced in *Heck*, 512 U.S. at 486-87. Therefore, his Complaint [1] is both frivolous and fails to state a claim upon which relief may be granted, and this case must be dismissed with prejudice. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87); *see also Davis v. Van Hook*, No. 5:13-3277, 2014 WL 1248291, at *2 (W.D. La. Mar. 25, 2014) ("*Heck* was a 42 U.S.C. § 1983 case, but its rule applies with equal force to *Bivens* claims."). "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted). "The *Heck* rule was formulated in deference to the principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012) (quotation omitted).

Plaintiff claims that he was maliciously and wrongfully arrested and imprisoned based on insufficient evidence. But success on these claims would necessarily imply the invalidity of his conviction, which relies on the legitimacy of his arrest and the subsequent guilty plea. *See Winters v. City of Gulfport*, No. 1:14-cv-00222-HSO-RHW, 2014 WL 6476264, at *3 (S.D. Miss. Nov. 19, 2014) (finding false-arrest claim *Heck*-barred where the plaintiff "pled guilty to the charges emanating from the . . . arrest"). "To the extent [Plaintiff] is claiming that the indictment was returned based on false information, success on such a claim would necessarily invalidate his . . .

4

conviction." *See Newsome v. Miss.*, No. 1:18-cv-00178-HSO-RHW, 2018 WL 3876585, at *4 (S.D. Miss. Aug. 15, 2018). And any finding that Plaintiff was falsely imprisoned would impugn the validity of his guilty plea and conviction too. *See Underwood v. Dunaway*, No. 2:17-cv-00168-KS-MTP, 2019 WL 4072401, at *2 (S.D. Miss. June 6, 2019) (finding a false-imprisonment claim was *Heck*-barred when the plaintiff pled guilty to the crime for which he was imprisoned), *report and recommendation adopted by* 2019 WL 4060346, at *1 (S.D. Miss. Aug. 28, 2019).

*Heck* thus bars Plaintiff's claims unless certain conditions are met. That is, Plaintiff must demonstrate that his conviction has "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Plaintiff has not shown that any of those qualifying events have occurred. *Heck* bars Plaintiff's claims, and this lawsuit should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). This dismissal is effective until the *Heck* conditions are met.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff Jesse Ray McCuin is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical

5

injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motions [13] [17] for Preliminary Injunction and Motion [16] for Summary Judgment are **DENIED AS MOOT**.

**THIS, the 22nd day of August, 2025.**

                                                                **TAYLOR B. McNEEL**
                                                                **UNITED STATES DISTRICT JUDGE**